UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LAUREN A HELBLING, TRUSTEE | ) | CASE NO.1:07MC002 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Vs. | ) | |
| | ) | |
| STANLEY L JOSSELSON, ET AL., | ) | ORDER |
| | ) | |
| Defendant. | ) | |

## CHRISTOPHER A. BOYKO, J:

This matter is before the Court on Defendants Stanley L. Josselson and Stanley L Josselson Co., L.P.A.'s Unopposed Motion for Withdrawal of Reference. On October 29, 2006, Lauren A Helbling, the Chapter 7 Trustee of the bankruptcy estate of debtor Ali M. Almasri, filed a lawsuit against Defendants, alleging legal malpractice and negligence resulting in the denial of discharge of all debtor's outstanding debts. The Complaint alleges Defendant Stanley L. Josselson represented debtor in his bankruptcy case and, due to Defendant's failure to properly prepare the bankruptcy petition, schedules, and Statement of Affairs, even after notice of misstatments contained within, debtor was denied full discharge of his debts. Specifically, the Trustee alleges Defendants failed to list among the assets of the debtor, a bank account and business owned by debtor, even though debtor expressly told counsel of their existence. As a result of the failure to list these assets, debtor was denied full discharge of his debts.

Defendants allege withdrawal of the reference is mandatory as the claims asserted by

Plaintiff constitute non-core proceedings under 28 U.S.C. 157 or, in the alternative, permissive withdrawal of the reference under 28 U.S.C. 157(d), where Defendants in a non-core proceeding stand on their right to a trial by jury.

## STANDARD OF REVIEW

28 U.S.C. 157(b)(3) states:

> The bankruptcy judge shall determine, on the judge's own motion or on timely motion of a party, whether a proceeding is a core proceeding under this subsection or is a proceeding that is otherwise related to a case under title 11. A determination that a proceeding is not a core proceeding shall not be made solely on the basis that its resolution may be affected by State law.

This Court has previously held, "the question of whether an adversary proceeding is a core proceeding should initially be decided by the bankruptcy court." *In re Rivera*, No. 1:05MC065, unreported 2005 WL 4001273, *11 (N.D. Ohio 2005). See also, *Official Committee of Unsecured Creditors of Air Enterprises, Inc. v. Gaffney*, No.5:06MC113, unreported 2007 WL 142168, *3 (N.D. Ohio 2007) (" the Court would find that the instant matter constitutes a non-core proceeding. However, as the bankruptcy judge has never rendered a decision on this matter, the issue is not properly before the Court at this time.")

Since Defendants' motion depends on the determination whether the claims asserted by the Trustee are core or non-core, and since the bankruptcy court must make the initial determination, this Court denies Defendants' Motion to Withdraw the Reference.

IT IS SO ORDERED.

4/10/07
Date

CHRISTOPHER A. BOYKO
United States District Judge

FILED
APR 10 2007
CLERK OF COURTS
U.S. DISTRICT COURT, N.D.O.
CLEVELAND